IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BART M. GRISSOM, #310364, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cv-00274-JPG |
| ) | |
| RICHARD WATSON ) | |
| and DAVID MARCOWITZ, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is before the Court for consideration of Plaintiff Bart Grissom's Motion for Preliminary Injunction filed April 30, 2021. (Doc. 18). Plaintiff seeks an Order requiring Sheriff Richard Watson and Dr. David Marcowitz to refer him for left ankle bone fusion surgery. For the reasons set forth herein, the motion is **DENIED**.

## Background

Plaintiff filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff claims, among other things, that he was subjected to unconstitutional conditions of confinement and denied adequate medical treatment for a pre-existing fracture of his left ankle and toe at St. Clair County Jail. (Doc. 1). He requested money damages and injunctive relief, in the form of "adequate medical treatment . . . as soon as possible." (*Id.* at 22). Because he complained of numerous medical issues, it was unclear what injunctive relief Plaintiff actually sought in the Complaint. Before the Complaint was screened under 28 U.S.C. § 1915A, Plaintiff filed a document specifically requesting bone fusion surgery on his left ankle. (Doc. 11).

1

Following preliminary review of this matter pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed with an Eighth/Fourteenth Amendment claim against Sheriff Watson for unconstitutional conditions of confinement (Count 1). (Doc. 14). He was allowed to proceed with an Eighth/Fourteenth Amendment claim against Dr. Marcowitz for the denial of adequate medical treatment for his ankle/toe injury (Count 2). (*Id.*).

Plaintiff's request for preliminary injunctive relief was denied without prejudice. (*Id.* at 6-7). Plaintiff sought specific medical relief, and a demand for specific treatment generally does not support a constitutional claim or a request for interim relief. Moreover, Plaintiff did not file a motion seeking interim relief and did not address any factors necessary to establish the need for a preliminary injunction. Plaintiff's request for interim relief was denied on April 16. 2021. (*Id.*).

## Motion for Preliminary Injunction (Doc. 18)

In the instant motion filed just two weeks later, Plaintiff again seeks bone fusion surgery on his left ankle. In support of this request, Plaintiff explains that he sustained a left ankle injury in April 2020 prior to his detention at St. Clair County Jail in February 2021. He met with a foot specialist, who recommended bone fusion surgery in April 2020. Plaintiff claims that he has not received proper treatment for this injury at the Jail. After spending his first ten days in the Jail's infirmary, Plaintiff was transferred into the general population, where he was attacked by inmates who inflicted further injuries in February 2021. Plaintiff has since been required to climb up and down stairs at the Jail. (*See* Doc. 19). He requests an order requiring the defendants to send him out for the bone fusion surgery recommended by a specialist in April 2020. (Docs. 18-19).

**Defendants' Response**

Both defendants filed responses in opposition to the motion. (Docs. 25 and 30). Defendants point out that Plaintiff was released from the custody of St. Clair County Jail soon after filing his motion for preliminary injunction. (Doc. 25, ¶ 7; Doc. 30, ¶ 10). They assert that he is now in the custody of the Illinois Department of Corrections ("IDOC") and housed at Menard Correctional Center. (*Id*.). Defendants maintain that Plaintiff's transfer renders his request for injunctive relief—as it pertains to the St. Clair County defendants—moot. (*Id*.). They seek denial of his motion for a preliminary injunction. (*Id*.).

**Discussion**

To obtain a preliminary injunction, a plaintiff must demonstrate that (1) he will suffer irreparable harm if he does not obtain the requested relief; (2) traditional legal remedies are inadequate; and (3) he has some likelihood of prevailing on the merits of his claim. *See Mays v. Dart*, 974 F.3d 810 (7th Cir. 2020) (citing *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020)). If Plaintiff makes this showing, the court must balance the harm to Plaintiff caused by denying the preliminary injunction with the harm to Defendants caused by granting relief. *Mays v. Dart*, 974 F.3d at 817-18. The court takes a "sliding scale" approach when balancing these harms; the more likely the plaintiff is to win on the merits, the less the balance of harm needs to weigh in his favor. *Id*. (citing *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001)).

However, it is well established that a plaintiff's transfer from an institution may render a request for injunctive relief—as it pertains to conditions at the original institution—moot. "If a prisoner seeking injunctive relief for conditions of confinement at a particular prison is transferred without a realistic possibility of return, then his request for relief becomes moot." *Tolentino v. Baker*, 679 F. App'x 503 (7th Cir. 2017); *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011);

*Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Plaintiff complains of conditions at St. Clair County Jail that included the denial of specific medical treatment for his left ankle injury. (*See* Doc. 18 and 19). However, the Court takes judicial notice of the fact that he is no longer housed at the Jail. Public records reveal that Plaintiff transferred into the custody of the IDOC on May 12, 2021, and he is now housed at Menard Correctional Center.[1] Sheriff Watson and Dr. Marcowitz no longer have control over his care or custody, so an order granting his motion for injunctive relief against these defendants would do him no good; Defendants no longer have the ability to take any action regarding his medical treatment.

This does not mean that Plaintiff is without recourse. Plaintiff may pursue his request for medical treatment at Menard. If he is unable to obtain it, he may use the grievance system to challenge the denial. And, if he is still not satisfied, Plaintiff may pursue injunctive relief against Menard officials by filing a separate suit against them. Finally, if Plaintiff anticipates returning to St. Clair County Jail and facing the same conditions during the pending action (a claim he has not made to date), he may renew his request for a preliminary injunction by filing another motion *in this case*. *See Young v. Lane*, 922 F.2d 370, 373-74 (7th Cir. 1991) (the likelihood of being transferred back to an institution is a factual determination for the district court).

### Disposition

For the reasons set forth herein, Plaintiff's Motion for Preliminary Injunction (Doc. 18) is **DENIED without prejudice.**

---

[1] According to the IDOC's inmate locator, Plaintiff is now housed at Menard Correctional Center. *See* https://www2.illinois.gov/idoc/offender/pages/inmatesearch.aspx (site last visited May 25, 2021). *See also Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

Plaintiff is reminded of his obligation to timely notify the Court of any address change by filing a Notice of Change of Address within seven (7) days of any change, and he is **WARNED** that failure to do so may result in dismissal of this action.  *See* FED. R. CIV. P. 41.

**IT IS SO ORDERED.**

**DATED: 5/26/2021**

                                                             s/J. Phil Gilbert_____
                                                             **J. PHIL GILBERT**
                                                             **United States District Judge**